IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01769-PAB-MEH

U.F.C.W. LOCAL 1776 & PARTICIPATING EMPLOYERS PENSION FUND,
derivatively on behalf of The Western Union Company,

    Plaintiff,

v.

DINYAR S. DEVITRE,
HIKMET ERSEK,
CHRISTINA A. GOLD,
JACK M. GREENBERG,
BETSY D. HOLDEN,
ALAN J. LACY,
LINDA FAYNE LEVINSON,
ROBERTO G. MENDOZA,
MICHAEL A. MILES, JR.,
LORD DENNIS STEVENSON, and
WULF VON SCHIMMELMANN,

    Defendants,

and

THE WESTERN UNION COMPANY and
WESTERN UNION FINANCIAL SERVICES, INC.,

    Nominal Defendants.
_____

## ORDER DISMISSING CASE
_____

    This matter comes before the Court on its order to show cause [Docket No. 4] and plaintiff U.F.C.W. Local 1776 & Participating Employers Pension Fund's response [Docket No. 7]. In its order to show cause, the Court expressed concerns regarding its

subject-matter jurisdiction in this case. While those particular concerns have been quelled, plaintiff's response raises new ones.

Plaintiff's complaint claims that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). *See* Verified Shareholder Double Derivative Complaint and Jury Demand ("Compl.") [Docket No. 1] at 3. Under § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a) (2006). Section § 1332(a) requires "complete diversity," that is, no plaintiff may be the citizen of a state of which any defendant is also a citizen. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). With respect to the citizenship of the parties, the complaint alleges that "Plaintiff is a citizen of New Jersey and Pennsylvania" without explaining how it arrived at that conclusion. Compl. at 3.

It is the Court's duty to assure itself of its subject-matter jurisdiction before proceeding with any case. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). The plaintiff in this case, as the party invoking the Court's jurisdiction, bears the burden of establishing that jurisdiction. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.").

The Court initially speculated that plaintiff may have been a labor union, of unspecified organizational status, which could have a significant bearing on plaintiff's

citizenship.  *Cf. United Steelworkers of America, AFL–CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145, 150-151 (1965) (explaining that, for diversity purposes, the citizenship of a union is the citizenship of all of its members).  Plaintiff, in its response to the order to show cause, clarified that it is organized as an ERISA Pension Plan and as a trust.  While this indication alleviates the Court's concerns regarding plaintiff's potential status as an unincorporated labor union, it does not end the analysis.

Plaintiff claims that in determining its citizenship for diversity purposes, the Court should look to the citizenship of the trustees rather than that of the beneficiaries.  Indeed, when trustees sue on behalf of a trust and are found to be "real parties to the controversy," *Navarro Saving Assoc. v. Lee*, 446 U.S. 458, 465 (1980), the trustees' citizenship is determinative when assessing diversity jurisdiction.  *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369-71 (10th Cir. 1998).  Where, as here, the trust itself is the named party, the citizenship of the beneficiaries becomes relevant.  *See San Juan Basin Royalty Trust v. Burlington Res. Oil & Gas, Co., L.P.*, 588 F. Supp. 2d 1274, 1280 (D.N.M. 2008) ("When suit is brought by a trust in its own name, the Court finds that the trust takes on the citizenship of its beneficiaries.  To the extent that there is a circuit split on this issue, the Court believes that the Tenth Circuit's decision in *Lenon* provides clear guidance as to which way the Tenth Circuit would come down."); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 191 (1990) (distinguishing *Navarro* because it "did not involve the question whether a party that is an artificial entity other than a corporation can be considered a 'citizen' of a State, but the quite separate question whether parties that were undoubted 'citizens' (viz., natural persons) were the

3

real parties to the controversy"); *Lenon*, 136 F.3d at 1371 ("Were the ERISA plans here the named plaintiffs, St. Paul's reliance on *Carden* might be justified.").

In the present case, plaintiff decided to, and in fact felt compelled to, name the trust rather than the trustees as the plaintiff. Therefore, as was the case in *San Juan Basin Royalty Trust*, 588 F. Supp. 2d at 1280, plaintiff U.F.C.W. Local 1776 & Participating Employers Pension Fund takes on the citizenship of its beneficiaries. Plaintiff has not provided any information on the citizenship of its beneficiaries. Therefore, despite the Court's order to show cause, plaintiff has failed to fulfill its duty in establishing the Court's subject-matter jurisdiction over this case. As a consequence, plaintiff's case must be dismissed. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Accordingly, it is

**ORDERED** that this case is DISMISSED without prejudice due to the Court's lack of subject-matter jurisdiction.

DATED September 10, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge